ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **ANDRÉS ANTONIO TORRES MATOS y otros**<br><br>Recurrido<br><br>v.<br><br>**GEOVANNIE MORALES CINTRÓN**<br><br>Peticionario | TA2026CE00303 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Comerío<br><br>Civil Núm.:<br>**CR2021CV00297**<br><br>Sobre:<br>Acción Confesoria o Denegatoria de Servidumbre |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de marzo de 2026.

Comparece ante nos el señor Geovannie Morales Cintrón (en adelante, señor Morales Cintrón o peticionario) y solicita la revocación de una *Resolución y Orden* emitida el 15 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Comerío (en adelante, TPI). Mediante la determinación aquí recurrida, el TPI declaró no ha lugar a la *Moción de Desestimación y/o Sentencia Sumaria Parcial y Solicitando Sentencia Declaratoria* presentada por el señor Morales Cintrón, señalando así que existían controversias en los hechos materiales del caso que deberían dirimirse en un juicio plenario.

Por los fundamentos que se expondrán a continuación, se deniega la expedición del auto de *certiorari*.

**I.**

Surge del expediente que, el 30 de noviembre de 2021, el señor Andrés Antonio Torres Matos (en adelante, señor Torres Matos) y la señora Awilda Lugo Cintrón (señora Lugo Cintrón) (en conjunto, recurridos) incoaron una *Demanda* sobre denegatoria de

servidumbre de paso contra el señor Morales Cintrón. Alegaron que una propiedad ubicada en Barranquitas y perteneciente al señor Morales Cintrón tiene a su favor una servidumbre de paso establecida por los dueños anteriores que grava a su finca. Arguyeron que la propiedad del señor Morales Cintrón no se encontraba enclavada, debido a que colindaba con una vía pública y no había dificultad para acceder la estructura. Por ello, argumentaron que el gravamen presentaba una carga innecesaria para el predio sirviente del que son dueños y, por ende, solicitaron su remoción.

En respuesta a esto, el 30 de enero de 2022, el señor Morales Cintrón contestó la demanda y reconvino. Arguyó que la única forma para acceder a su propiedad de dos plantas era a través de la servidumbre de paso que grava a la finca del señor Torres Matos y la señora Lugo Cintrón, debido a que esta se encontraba enclavada. Asimismo, sostuvo que no se cumplía con ninguna de las justificaciones en ley para extinguir la servidumbre de paso.

Culminado el descubrimiento de prueba, el 10 de febrero de 2025, el señor Morales Cintrón presentó su *Moción de Desestimación y/o Sentencia Sumaria Parcial y Solicitando Sentencia Declaratoria*. En síntesis, planteó que no procedía la extinción de la servidumbre de paso porque, del contenido de la demanda, no se extraía alguno de los criterios establecidos en ley para que prosperara la acción negatoria. Además, enfatizó que no existían hechos materiales en controversia que le impidieran al TPI disponer del caso sumariamente.

El señor Torres Matos y la señora Lugo Cintrón se opusieron al petitorio dispositivo del señor Morales Cintrón el 28 de febrero de 2025. Arguyeron que la moción de desestimación se presentó tardíamente. Además, alegaron que la moción de sentencia sumaria se presentó luego de transcurridos 30 días desde la culminación del

descubrimiento de prueba. Asimismo, argumentaron que no procedía disponer sumariamente del caso porque existían múltiples hechos controvertibles; hicieron particular énfasis en que se cuestiona existencia de la servidumbre de paso y el hecho de si la finca estaba enclavada o no.

Luego de varios trámites procesales, el 16 de enero de 2026, el foro primario emitió una *Resolución y Orden*. Mediante esta, declaró no ha lugar a la moción del señor Morales Cintrón por entender que existían controversias de hechos materiales que habrían de dilucidarse en un juicio, haciendo hincapié en la necesidad de que se presente prueba pericial junto con los documentos ya sometidos ante el tribunal para este poder tomar una decisión informada sobre el caso.

Insatisfecho, el señor Morales Cintrón presentó una *Moción de Reconsideración bajo la Regla 36.4 y 47 de Procedimiento Civil* el 26 de enero de 2026. Especificó que el TPI no realizó determinaciones de hechos en su *Resolución y Orden*, lo cual era contrario a derecho. Asimismo, alegó que el señor Torres Matos y la señora Lugo Cintrón no se opusieron a su petitorio sumario conforme a las Reglas de Procedimiento Civil. Por último, razonó que se debía disponer sumariamente del caso porque no había controversia sobre la existencia de la servidumbre de paso y porque esta era la único camino para acceder a su finca que se encontraba en un sumidero, a pesar de que esta era contigua a una vía pública. El señor Torres Matos y la señora Lugo Cintrón refutaron la reconsideración el 9 de febrero de 2026, amparándose en sus argumentos anteriores.

Consecuentemente, el foro recurrido pronunció una *Resolución* el 8 de febrero de 2026, la cual fue notificada y archivada en autos el 9 de febrero de 2026. Mediante esta, el TPI reconsideró parcialmente su *Resolución y Orden* a los efectos de enumerar sus determinaciones de hechos incontrovertidos. Sin embargo, mantuvo

su parecer en que el caso debía ir a juicio por los fundamentos ya esbozados. Así, el foro primario realizó las siguientes determinaciones de hechos:

1. Tanto el lote que hoy pertenece al demandado, como el lote del demandante, ambos constituyen segregación de una misma finca de mayor; la Finca Dos mil trescientos diecisiete (2317) de Barranquitas, inscrita al Folio Doscientos dieciséis (216) del Tomo Ciento seis (106); la cual tenía una cabida original de cuarenta y seis mil doscientos veintiocho puno cero cuatro metros cuadrados (46,228.04 m. c.) perteneciente al Sr. Bonifacio Matos Cartagena y Carmen Padilla Rosario. Estos habían edificado dos estructuras residenciales una de una planta (hoy del demandante) y otra de dos plantas (hoy del demandado).

2. Para 1991 donde ubican las residencias de las partes, existía un sólo titular y una sola finca; la Finca Dos mil trescientos diecisiete (2,317) de Barranquitas. Para independizar ambas estructuras en un sólo predio, el Sr. Bonifacio Matos Cartagena, solicitó de la Oficina Regional de Planificación de Bayamón un Proyecto de lotificación para segregar un lote de Novecientos cuatro puntos dos mil quinientos setenta nueve metros cuadrados (904.2579 m.c.) según el plano aprobado mediante Resolución emitida en el caso 91-41-0-212-BPL del día 24 de abril de 1991.

3. Tras la segregación, el lote de Novecientos cuatro puntos dos mil quinientos setenta nueve metros cuadrados (904.2579 m.c.) se constituyó en la Finca Once mil cincuenta y cinco (11055) de Barranquitas.

4. La servidumbre surge inscrita al Registro de la Propiedad a los incisos 4to y 8vo páginas 92 y 93 de la inscripción de la Finca 11055 de Barranquitas aludida.

5. El lote de (904.2579 metros cuadrados) aludido, fue luego adquirido luego por el Sr. Andrés Torres Santiago.

6. Estando edificadas ambas estructuras residenciales en usos totalmente independientes y en atención a que el Sr. Andrés Torres Santiago deseaba disponer de ambas estructuras a terceros, solicitó autorización ante la Administración de Reglamentos y Permisos Centro de Servicios de Bayamón una segregar de dicha finca autorizándose un solar con cabida de Cuatrocientos sesenta metros cuadrados (460.00 m.c.); lo anterior mediante Resolución número 05SLS6-00000-02963 según fue aprobado el día 28 de noviembre de 2005.

7. Dicho lote se constituyó en la Finca 19119 de Barranquitas validándose su entrada y salida según en el plano original.

8. Habiéndose constituido la Finca 19119 de Barranquitas, mediante escritura de Compraventa el día 30 de septiembre de 2020, el demandado, señor

Geovannie Morales Cintrón, adquirió del señor Andrés Torres Santiago el lote de (460.00 m.c.). En la compraventa de dicha finca no se emitió manifestación alguna en contra de la existencia de servidumbre.

9. Conforme fue admitido por el Demandante bajo juramento en Requerimiento de Admisiones que le fue remitido; éste admitió que adquirió su finca estando ya segregado su lote del demandado. Además, no existe controversia de que el demandado adquirió su propiedad antes que el demandante adquiriera su propiedad.

10. Posteriormente el demandante adquirió el remanente (Finca 11055) de su padre específicamente el día 8 de diciembre de 2020 mediante compraventa que surge de la Escritura número 158 ante la notaría Vilma Teresa Torres.

Inconforme aún, el 11 de marzo de 2026, el señor Morales Cintrón acudió ante este foro revisor mediante una *Petición de Certiorari*, señalando la comisión del siguiente error:

Err[ó] el TPI al no resolver la moci[ó]n dispositiva al pretender traer controversias de carácter subjetivo e inmateriales e impropias según la norma *de Cruz, López v. Casa Bella y otros*, 213 DPR 980 (2024) al no existir en nuestro caso hechos materiales en controversia pues en un asunto que es de estricto derecho; pues existe una servidumbre legalmente constituida como requisito *sine qua non* para la segregaci[ó]n del lote del recurrente pues, si bien colinda a carretera, conforme a la prueba que tuvo gr[á]ficamente ante s[í] el [TPI] y por las admisiones y declaraciones juradas no refutadas ambas fincas tanto la finca (11055) como la (19119) de Barranquitas ambas est[á]n literalmente enclavadas porque se encuentra[n] en un sumidero; sin acceso directo y adecuado a [la] carretera para que se pueda entrar en vehículo de motor a [la] carretera para ambas estructuras independientes a través de la servidumbre a perpetuidad legalmente constituida.

Por su parte, el 21 de marzo de 2026, el señor Torres Matos y la señora Lugo Cintrón comparecieron mediante su *Memorando en Oposición a [la] Expedición [del] auto de Certiorari*.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores

que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[1] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

(D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F)  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Íd.*

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**III.**

En su recurso, el peticionario esencialmente arguye que el foro primario incidió al denegar su solicitud de sentencia sumaria, debido a que no existen controversias de hechos materiales que impidan disponer del caso. Asimismo, enfatiza que existe una servidumbre de paso debidamente constituida que funge como la única entrada a su finca porque esta se encuentra enclavada por hallarse dentro de un sumidero. Por ende, argumenta que la servidumbre de paso que grava a la finca de los recurridos no puede extinguirse, al no caer

dentro de las circunstancias consideradas en ley para la procedencia de la acción negatoria.

Por su parte, los recurridos alegan que el TPI no podía dictar sentencia sumaria en el caso porque la existencia y necesidad de la servidumbre de paso está en controversia, lo cual es un hecho material fundamental para la resolución del caso. Además, puntualizan que la finca del peticionario colinda con un camino municipal y, por ello, tiene acceso a la vía pública, lo cual haría procedente la acción negatoria porque la servidumbre sería innecesaria.

Tras un análisis ponderado del tracto procesal del caso, colegimos que no se cometió el error indicado por el peticionario y, por ende, acordamos no intervenir con la discreción del foro primario.

El peticionario solicitó que se dictara sentencia sumaria a su favor por entender que no existía controversia sobre los hechos materiales del caso. Al examinar el expediente, notamos que no se puede determinar si, en efecto, la finca del peticionario no cuenta con acceso a la vía pública, lo cual arrojaría luz sobre si el gravamen se puede extinguir o no. Similarmente, es difícil precisar la localización exacta de la servidumbre de paso de la evidencia que acompaña al petitorio dispositivo. Resulta prudente, entonces, la celebración de un juicio para esclarecer estos asuntos que inciden sobre la procedencia de la demanda.

Concluimos que no se acredita alguna de las razones establecidas en la Regla 49.2 de las de Procedimiento Civil, *supra,* para que el tribunal pueda relevar a una parte o a su representante legal de una sentencia. Es preciso puntualizar que, la precitada regla no es "una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada". *Reyes v. E.L.A. et al.*, supra, pág. 809, citando a Cuevas Segarra,

*Tratado de derecho procesal civil,* pág. 783 y *Ríos v. Tribunal Superior,* 102 DPR 793, 794 (1974).

Ante la ausencia de alguna de las instancias contempladas en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* procede denegar la expedición del auto de *certiorari.*

**IV.**

Por las consideraciones que proceden, denegamos expedir el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones